## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE LOCKWOOD,<br><br>              Plaintiff,<br><br>    v.<br><br>RYDER VEHICLE SALES, LLC, RYDER TRANSPORTATION SERVICES, RYDER TRUCK RENTAL, RYDER TRUCK RENTAL, INC., RYDER SYSTEM, INC., DAIMLER TRUCKS NORTH AMERICA, LLC, and DETROIT DIESEL CORPORATION,<br><br>              Defendants. | Civil Action No. |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, defendant Daimler Trucks North America LLC ("DTNA") removes this civil action from the Court of Common Pleas of Dauphin County because plaintiff and defendants are diverse and the amount in controversy exceeds the jurisdictional minimum.  As a short and plain statement of the grounds for removal, DTNA states the following:

### PLAINTIFF'S CLAIMS

1. Plaintiff commenced this action in the Court of Common Pleas of Dauphin County, Case No. 2020 CV 1483, on February 5, 2020 by writ of summons against Ryder Vehicle Sales, LLC and Transteck, Inc. d/b/a Freightliner Western Star of Harrisburg.  *See* Writ of Summons, attached as Exhibit A.

2. On March 12, 2021, plaintiff filed a complaint against Ryder Vehicle Sales, LLC, Ryder Transportation Services, Ryder Truck Rental, Ryder Truck Rental, Inc.,

Ryder System, Inc., DTNA and Detroit Diesel Corporation.  *See* Complaint, attached as Exhibit B.

3.      Plaintiff alleges "on or about September 12, 2019 … Plaintiff Jamie Lockwood was seriously and permanently injured by carbon monoxide (CO) gas emitted from the semi-truck she drove for work" and that defendants are liable based on theories of strict liability and negligence.  *See* Complaint at ¶¶ 1, 95-252.

## REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

4.      This action is being removed pursuant to 28 U.S.C. § 1441(b), which allows removal based on diversity of citizenship.

5.      This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), which provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ."

## CITIZENSHIP

6.      According to the allegations in her Complaint, Ms. Lockwood is an adult residing in Cumberland County, Pennsylvania.  *See* Complaint at ¶ 3.

7.      Defendant Ryder Vehicle Sales, LLC is a Florida limited liability corporation whose principal place of business is Florida.  *Id.* at ¶ 4.  Ryder Vehicle Sales, LLC has one member – Ryder Truck Rental, Inc., a Florida corporation whose principal place of business is Florida.  *Id.* at ¶ 7.  As such, Ryder Vehicle Sales, LLC is a citizen of Florida.

8.      Defendant Ryder Transportation Services is fictitious name.  *Id.* at ¶ 5. Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall

be disregarded for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction.

9.      Defendant Ryder Truck Rental is a fictitious name.  *Id.* at ¶ 6.  Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction.

10.     Defendant Ryder Truck Rental, Inc. is a Florida corporation whose principal place of business is Florida.  *Id.* at ¶ 7.  As such, Ryder Truck Rental, Inc. is a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(1).

11.     Defendant Ryder System, Inc. is a Florida corporation whose principal place of business is Florida.  *Id.* at ¶ 8.  As such, Ryder System, Inc. is a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(1).

12.     Defendant DTNA is a Delaware limited liability company whose principal place of business is in Portland, Oregon.  *Id.* at ¶ 9.  DTNA has one member – Daimler Trucks & Buses US Holding, Inc., a Delaware corporation headquartered in Oregon.  As such, DTNA is a citizen of Delaware and Oregon.

13.     Defendant Detroit Diesel Corporation is a Delaware corporation whose principal place of business is in Michigan.  *Id.* at ¶ 11.  As such, Detroit Diesel Corporation is a citizen of Delaware and Michigan pursuant to 28 U.S.C. § 1332(c)(1).

14.     Therefore, plaintiff and defendants are completely diverse.

## AMOUNT IN CONTROVERSY

15.     A notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a

specific sum or permits recovery of damages in excess of the amount demanded; and . . . the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A) and (B).

16.     Although the Complaint does not set forth the amount of damages sought, other than that it "is in excess of the [$50,000] arbitration limit in Dauphin County" (*see* Dauphin County L.R. 1301), the allegations in the Complaint make clear that plaintiff is seeking damages in excess of $75,000.

17.     In particular, plaintiff contends that she suffered carbon monoxide poisoning from a defect in the truck that she drove as a tractor-trailer driver, causing her "anoxic brain injury" and "cognitive difficulties," and that as a result, "she is unable to drive a tractor-trailer and may be unable to hold a job at all." Complaint at ¶¶ 72, 77.

18.     Plaintiff further contends that she "has incurred medical bills and will continue to incur medical bills," "has undergone, and will continue to undergo in the future, pain and suffering," "has sustained a loss of life's pleasures and will sustain a loss of life's pleasures in the future," and "has sustained embarrassment and humiliation and will endure further embarrassment and humiliation in the future." *Id.* at ¶¶ 89-92.

19.     Given these allegation, the amount in controversy in this matter exceeds $75,000. *See Riley v. Avon Prods.*, No. 3:07-CV-0887, 2007 U.S. Dist. LEXIS 62666, at *3 (M.D. Pa. Aug. 24, 2007) (finding that allegations of "the extent and duration of Plaintiff's injuries and their effects [], the allegations of the continuing need for medical care, and the allegations of permanent impairment of future earning capacity evidence a claim which exceeds $75,000.")

4

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

20.     The United States District Court for the Middle District of Pennsylvania is the proper venue for removal of this action because it is the district in which the state court action is pending.  *See* 28 U.S.C. § 1446(a).

21.     Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within 30 days after receipt of a copy of the complaint through service or otherwise.

22.     The essential facts necessary to determine removability became available on March 12, 2021, when Plaintiff filed the Complaint, which is the "initial pleading" pursuant to 28 USC sec. 1446 (b).  *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) (holding that in Pennsylvania, the complaint, not the writ of summons, is the "initial pleading").

23.     DTNA was served with the Complaint on March 22, 2021.

24.     DTNA is filing this Notice of Removal fewer than thirty days after it received a copy of the complaint.

25.     Ryder Transportation Services, Ryder Truck Rental, Ryder Truck Rental, Inc., Ryder System, Inc., and Detroit Diesel Corporation have not been served in this case, and so their consent is not required.  *See* 28 U.S.C. § 1446(b)(2)(A); *see* also the docket for the state court action, attached as Exhibit C.

26.     Ryder Vehicle Sales, LLC consents to the removal of this action.  *See* Consent to Removal, attached as Exhibit D.

27.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders from the state court action are being filed with this Notice of Removal as Exhibits A and B.

28.     This Notice will be served on plaintiff and filed with the Dauphin County

Court of Common Pleas as required by 28 U.S.C. § 1446(d).

29.     By filing this Notice of Removal, DTNA does not waive any defense and

hereby reserves all defenses (including lack of personal jurisdiction and improper venue).

Respectfully submitted,

_/s/ Jay Evans_
Jay Evans (PA I.D. No. 82149)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place, Suite 2700
120 Fifth Avenue
Pittsburgh, Pennsylvania 15222-3001
Telephone: 412-577-5122
Facsimile: 412-765-3858

OF COUNSEL:

Alice Johnston (Pa. I.D. 21480)
SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place, Suite 2700
120 Fifth Avenue
Pittsburgh, Pennsylvania 15222-3001
Telephone: 412-577-5121
Facsimile: 412-765-3858
ajohnstondsmith@schnader.com

John R. Timmer (Pa. I.D. 89814; M.D. Pa. admission pending)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103-7286
Telephone: 215-751-2451
Facsimile: 215-751-2205
jtimmer@schnader.com

_Attorneys for Defendant Daimler Trucks North_
_America LLC_

Dated:  April 9, 2021

6

**<u>CERTIFICATE OF SERVICE</u>**

I, John R. Timmer, certify that the foregoing Notice of Removal was served this day via

first class mail and email upon plaintiff's counsel listed below:

Joseph Chapman
MCNEES WALLACE & NURICK LLC
100 Pine Street
Harrisburg, PA 17101

*Attorney for Plaintiff Jamie Lockwood*


/s/  John R. Timmer
John R. Timmer, Esq.

Dated: April 9, 2021